UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____ DIVISION
CASE NO.:_____

SABRIAN BRUTON, an individual,

    Plaintiff,

vs.

CITY OF HOMESTEAD, a municipal subdivision of The State of Florida; EILEEN CALVO, an individual; KEVIN CARVAJAL, an individual; CHRISTIAN DEJOHN, an individual; ENGELBERT GUZMAN, an individual; CARLOS LAGO, an individual; and SHAVAR SIMMONS, an individual.

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, SABRIAN BRUTON (hereinafter "BRUTON"), by and through undersigned counsel, and hereby makes the following allegations against Defendants, CITY OF HOMESTEAD ("HOMESTEAD"), a municipal subdivision of the State of Florida; EILEEN CALVO ("CALVO"), an individual; KEVIN CARVAJAL ("CARVAJAL"), an individual; CHRISTIAN DEJOHN ("DEJOHN"), an individual; ENGELBERT GUZMAN ("GUZMAN"), an individual; CARLOS LAGO ("LAGO"), an individual; and SHAVAR SIMMONS ("SIMMONS"), an individual; collectively, the Defendants:

## INTRODUCTION

This civil action arises from an incident that occurred on or about July 6, 2018, when BRUTON was viciously brutalized during the course of an arrest.  Defendants, CALVO,

CARVAJAL, DEJOHN, GUZMAN, LAGO, and SIMMONS, employees of the Homestead Police Department ("HPD"), used unreasonable and excessive force in effecting the arrest following what began as a traffic stop for an, allegedly, improperly displayed license plate.

BRUTON now brings federal constitutional claims and state tort claims for the deprivation of his protected rights by the Defendants, operating under the color of state law.

## PARTIES

1. Plaintiff, BRUTON, is, at all times material, a citizen of the United States, a resident of Miami-Dade County, Florida and is *sui juris*.

2. Defendant, HOMESTEAD, is a municipal subdivision of the State of Florida and is the legal entity responsible for itself.  This Defendant is also the employer of several other named Defendants and is the proper entity to be sued under 42 U.S.C. § 1983.

3. Defendant, HOMESTEAD, both exercised and delegated its municipal final decision-making power to the Director of HPD and others.

4. Defendant, HOMESTEAD, is properly sued directly under 42 U.S.C. §1983 for its own and its delegated, deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complaint of constitutional and statutory violations and resulting injuries.

5. Defendant, HOMESTEAD, is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of any final delegated decision-makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

6. Defendant, CALVO, is, at all times material, a citizen of the United States, a

resident of Miami-Dade County, Florida, an employee of HPD, and is *sui juris*.

7. Defendant, CARVAJAL, is, at all times material, a citizen of the United States, a resident of Miami-Dade County, Florida, an employee of HPD, and is *sui juris*.

8. Defendant, DEJOHN, is, at all times material, a citizen of the United States, a resident of Miami-Dade County, Florida, an employee of HPD, and is *sui juris*.

9. Defendant, GUZMAN, is, at all times material, a citizen of the United States, a resident of Miami-Dade County, Florida, an employee of HPD, and is *sui juris*.

10. Defendant, LAGO, is, at all times material, a citizen of the United States, a resident of Miami-Dade County, Florida, an employee of HPD, and is *sui juris*.

11. Defendant, SIMMONS, is, at all times material, a citizen of the United States, a resident of Miami-Dade County, Florida, an employee of HPD, and is *sui juris*.

12. Defendants were at all times material hereto, "state actors" as defined in 42 U.S.C. § 1983.

13. Defendants, CALVO, CARVAJAL, DEJOHN, GUZMAN, LAGO, and SIMMONS will, at times, be referred to as the Individual Defendants.

## JURISDICTION AND VENUE

14. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

15. Additionally, this Honorable Court has supplemental jurisdiction of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions which give rise to this action occurred with this District.

17. All conditions precedent, including, but not limited to, compliance with Florida Statutes § 768.28, have occurred, been satisfied or have been waived.

## FACTS COMMON TO ALL COUNTS

18. On or about July 6, 2018, Plaintiff, BRUTON, was allegedly driving a black Buick Encore in the 700-BLK of SE 18th Avenue in Homestead, Florida.

19. DEJOHN initiated a traffic stop on the vehicle for an, alleged, improper license plate cover.

20. BRUTON complied with the traffic stop and pulled his vehicle to the side of the road.

21. DEJOHN approached BRUTON's window with his firearm drawn and appeared to BRUTON to be in an agitated state.

22. BRUTON, startled, pleaded with the officer not to shoot him. Soon afterward, CALVO arrived on scene.

23. The situation deescalated and DEJOHN began asking BRUTON for identifying information such as his license and registration.

24. After running BRUTON's information through his computer system, DEJOHN returned to BRUTON's vehicle and abruptly ordered BRUTON out of the car.

25. BRUTON complied, upon which DEJOHN again drew his firearm and ordered BRUTON to the ground.

26. BRUTON, afraid of the officer's increasingly agitated demeanor again pleaded with DEJOHN not to shoot him and appealed to CALVO for assistance.

27. CALVO, however, had returned to her patrol vehicle, drawn a Taser, and was moving her vehicle in BRUTON's direction.

28. BRUTON fearing that CALVO might run him over, backed away, while repeatedly pleading with the officers not to shoot him.

29. The officers pursued and BRUTON, fearing for his life, left the scene on foot.

30. DEJOHN and CALVO, were joined by CARVAJAL, GUZMAN, LAGO, and SIMMONS, in pursuit of BRUTON.

31. DEJOHN, CALVO, CARVAJAL, GUZMAN, LAGO, and SIMMONS caught up to BRUTON and savagely beat him until he fell unconscious.

32. BRUTON suffered severe head and bodily injuries.

33. All of the above-described acts were done by the Individual Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for BRUTON's federally protected rights and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of HOMESTEAD acting under color of state law.

34. With deliberate indifference to the rights of citizens to be free from excessive force by law enforcement, HOMESTEAD has encouraged, tolerated, ratified and acquiesced to a dangerous environment of police brutality by:

    a. Failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

    b. By failing to adequately punish unconstitutional uses of force;

    c. By tolerating the use of unconstitutional force;

    d. By ongoingly failing to properly or neutrally investigate citizen complaints of excessive force; and,

    e. By tolerating, encouraging and permitting collusive statements by involved

officers in such situations.

35. It is a longstanding widespread deliberately indifferent custom, habit, practice and/or policy of HOMESTEAD, and HPD to permit officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significate risk of injury to the public.

36. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff was injured and damaged.

37. The injuries, damages, and relief which BRUTON seeks from the Defendants, jointly and severally, under both state and federal law, include, but are not limited to:

    a. Damages for physical pain and suffering in the past and future;

    b. Damages for emotional pain and suffering in the past and future;

    c. Damages for medical expenses in the past and future;

    d. Aggravation of a preexisting condition;

    e. Damages for loss of enjoyment of life in the past and future;

    f. Damages for lost wages in the past;

    g. Scars and disfigurement;

    h. Damages for loss of earning capacity;

    i. Punitive damages;

    j. Pre and post judgment interest;

    k. Attorney's fees; and

    l. All other such relief, both general and specific, that this Court deems just and appropriate.

**COUNT I – EXCESSIVE FORCE IN VOLATION OF FOURTH AND FOURTEENTH AMENDMENTS – DUE PROCESS (42 U.S.C. § 1983) AS TO DEFENDANTS CALVO, CARVAJAL, DEJOHN, LAGO, GUZMAN, AND SIMMONS**

38. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-three (33) as though alleged originally herein.

39. 42 U.S.C. § 1983, in pertinent part, provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

40. In committing the acts complained of herein, the Defendants acted jointly and under color of state law to deprive BRUTON of his clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution including, but not limited to:

   a. Freedom from unreasonable seizure;

   b. The right to be free from unreasonable searches;

   c. Freedom from the use of unreasonable, unjustified and excessive force;

   d. Freedom from deprivation of liberty and property without due process of law;

   e. Freedom from summary punishment;

   f. Freedom from the prevention of officers from using excessive force; and

   g. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

41. In violating BRUTON's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and utilized unnecessary, unjustified,

unreasonable and excessive force.

42. The Individual Defendants' actions were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

43. Further, the acts or conduct committed by the Individual Defendants against BRUTON occurred in the presence of each other and the Individual Defendants further violated BRUTON's constitutional rights by failing to intervene and prevent the violation of BRUTON's constitutional rights by fellow officers.

44. All Individual Defendants knowingly and deliberately conspired to deprive BRUTON of his civil rights.

45. The Individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of BRUTON's federally protected constitutional rights.

46. They did so with shocking and willful indifference to BRUTON's rights and their conscious awareness that they would cause BRUTON severe physical and emotional injuries.

47. The acts or omissions of the Individual Defendants were moving forces behind BRUTON's injuries.

48. The acts or omissions of the Individual Defendants as described herein intentionally deprived BRUTON of his constitutional rights and caused him other damages.

49. These Individual Defendants are not entitled to qualified immunity for the complained of conduct.

50. The Defendants to this claim at all times material hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to BRUTON.

51. As a direct and proximate result of the violation of his constitutional rights by the Defendants, BRUTON suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

52. The injuries and damages are permanent in nature, and BRUTON will suffer the losses and impairments in the future.

53. In additional to compensatory, economic, consequential and special damages, BRUTON is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of BRUTON.

54. BRUTON is entitled to recover reasonable attorneys' fees for the successful prosecution of this claim pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment against the Individual Defendants for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief has the Court deems appropriate and demands trial by jury.

**COUNT II – FAILURE TO INTERVENE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983) AS TO DEFENDANTS CALVO, CARVAJAL, DEJOHN, GUZMAN, LAGO, AND SIMMONS**

55. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-three (33) as though alleged originally herein.

56. 42 U.S.C. § 1983, in pertinent part, provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

57. In committing the acts complained of herein, the Individual Defendants acted jointly and under color of state law to deprive BRUTON of his clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution including, but not limited to:

    a. Freedom from unreasonable seizure;

    b. The right to be free from unreasonable searches;

    c. Freedom from deprivation of liberty and property without due process of law; and

    d. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

58. In violating BRUTON's rights, as set forth above and other rights that will be proven at trial, the Individual Defendants acted under color of state law.

59. The acts or conduct committed by the Individual Defendants against BRUTON occurred in the presence of each other and said Defendants further violated BRUTON's constitutional rights by failing to intervene and prevent the violation of BRUTON's constitutional rights by fellow officers.

60. The Individual Defendants knowingly and deliberately conspired to deprive BRUTON of his civil rights.

61. The Individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of BRUTON's federally protected constitutional rights.

62. They did so with shocking and willful indifference to BRUTON's rights and the conscious awareness that they would cause BRUTON severe injuries

63. The acts or omissions of the Individual Defendants were moving forces behind BRUTON's injuries.

64. The acts or omissions of the Individual Defendants as described herein intentionally deprived BRUTON of his constitutional rights and caused him other damages.

65. The Individual Defendants are not entitled to qualified immunity for the complained of conduct.

66. The Defendants to this claim at all times material hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to BRUTON.

67. As a direct and proximate result of the violation of their constitutional rights by the Individual Defendants, BRUTON suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

68. The injuries and damages are permanent in nature, and BRUTON will suffer the losses and impairments in the future.

69. In addition to compensatory, economic, consequential and special damages, BRUTON is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of BRUTON.

70. BRUTON is entitled to recover reasonable attorneys' fees for the successful prosecution of this claim pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment against the Individual Defendants for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §

1988, and such other and further relief has the Court deems appropriate and demands trial by jury.

### COUNT III – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH, FOURTEENTH AMENDMENTS AND IN VIOLATION OF 42. U.S.C. § 1981 (42 U.S.C. § 1983) AS TO DEFENDANT HOMESTEAD

71. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-three (33) as though alleged originally herein.

72. 42 U.S.C. § 1983, in pertinent part, provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

73. Plaintiff in this action is a citizen of the United States and all of the Individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

74. The Defendants to this claim at all times material hereto were acting under the color of state law.

75. BRUTON had the following clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution at the time of the complaint conduct, including, but not limited to:

    a. Freedom from unreasonable seizure;

    b. The right to be free from unreasonable searches;

    c. Freedom from the use of unreasonable, unjustified and excessive force;

    d. Freedom from deprivation of liberty and property without due process of law;

    e. Freedom from summary punishment;

    f. Freedom from the prevention of officers from using excessive force; and

      g. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

76. HOMESTEAD knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

77. The acts or omissions of HOMESTEAD, as described herein, deprived BRUTON of his constitutional and statutory rights and caused him other damages.

78. The acts or omissions of the Individual Defendants as described herein, intentionally deprived BRUTON of his constitutional and statutory rights and caused him other damages.

79. These Defendants are not entitled to qualified immunity for the complained of conduct.

80. HOMESTEAD was at all times material hereto, policymakers for HPD, its agent, its agents and employees, including supervising, overseeing, training and establishing policies, customs and procedures to confirm their conduct to the United States Constitution and Florida common law.

81. At all times material hereto, HOMESTEAD was charged with the responsibility of adopting and implementing rules, policies, practices, customs and procedures for the proper and efficient maintenance, supervision, and control of HPD officers. These duties include, but are not limited to:

      a. To create, adopt, and implement rules, regulations, practices, and procedures, toward hiring, supervising, and retaining law enforcement officers who do not have a propensity towards violence and the excessive use of force;

      b. To create, adopt, and implement rules and regulations, practices and procedures, for proper and efficient training of law enforcement officers in a way and to an extent necessary to ensure the utilization of a force continuum which prevents any propensity towards violence and excessive force, and

       which ensures that the least amount of force would be utilized to maintain order and control;

    c.   To create, adopt, and implement rules and regulations, practices and procedures for the proper and efficient supervision, control, discipline, and assignment of law enforcement officers in a way and to an extent necessary to ensure that citizens will not be subjected to excessive force or unnecessary force by the agents and employees of the HPD; and

    d.   To implement rules, regulations, policies, practices, and procedures for the proper and efficient supervision, discipline, control, and investigation of law enforcement officers to reduce or eliminate instances of untruthfulness, including excessive force and instances of corroboration or ratification of untruthful accounts of excessive force events committed by fellow law enforcement officers.

82. HOMESTEAD owed a legal duty to BRUTON to exercise reasonable care in hiring, training, and retaining safe and competent employees. BRUTON was in the zone of risk that was reasonably foreseeable to HOMESTEAD. HOMESTEAD breached that duty and the breach caused BRUTON's damages.

83. HOMESTEAD, with deliberate indifference as to the possibility of BRUTON's injuries, failed to adequately train or otherwise supervise and direct HPD and its officers concerning the rights of the citizens they encounter in their duties, such that it is a well-settled policy, practice and custom for officers, including the Individual Defendants, to take extreme and reckless action against the citizens of the City of Homestead they encounter, including BRUTON, all in the name of self-defense, resulting in officers seriously injuring innocent citizens.

84. HOMESTEAD was on notice, by this history of widespread abuse and of the need to correct the well-settled policy, practice and custom of its officers' extreme and reckless actions against the citizens of the City of Homestead. This need for more or different training has been so obvious and the inadequacy of the same, combined with HOMESTEAD's conscious choice not to act, has resulted in the violation of constitutional rights, including, but not limited to, the

deprivation of BRUTON's civil rights.

85. By limiting and/or failing to properly investigate, resulting in findings of no excessive force and the justification for HPD officers' extreme actions, and through allowing the well-settled policy, practice and custom of HPD officers' extreme and reckless actions against the citizens of the City of Homestead, HOMESTEAD has ratified, condoned, and consented to the HPD officers' unlawful conduct, specifically including the unlawful conduct of the Individual Defendants.

86. HOMESTEAD was on notice of the history of failing to properly investigate (and thus address and correct) the extreme and wanton acts of its officers and failed to do so, leading to BRUTON's deprivation of civil rights. The deprivation of civil rights, of which the circumstances described herein were a material part, together constituted a widespread pattern sufficient to notify HOMESTEAD and were obvious, flagrant, rampant, and of continued duration rather than isolated occurrences.

87. Upon information and belief, HPD has a history of reports of excessive use of force incidents causing injuries and violations of citizens' rights, of which HOMESTEAD was aware.[1]

88. Upon information and belief, HPD has a history of covering up the misconduct of its officers, of which HOMESTEAD was aware.[2]

89. Upon information and belief, HOMESTEAD's failure to adequately address this

---

[1] Edward B. Colby, 3 Homestead Police Charged in Connection with 2011 Incidents Outside Bar, https://www.nbcmiami.com/news/local/3-Homestead-Police-Charged-In-Connection-With-2011-Incidents-Outside-Bar-161172305.html (last visited September 24, 2019).

[2] Francisco Alvarado, Homestead police chief Al Rolle under probe in records destruction https://www.miamiherald.com/news/local/community/miami-dade/homestead/article1972975.html (last visited September 24, 2019).

history, and instead ratify and condone it, has led to additional instances of use of excessive force by its officers[3] and was a moving force and/or proximate cause of injuries to BRUTON.

90. The actions committed by the Individual Defendants against BRUTON were proximately caused by the well-settled policies, customs, practices, and procedures of HOMESTEAD in failing to fulfill its duties as alleged herein, which was also the moving force behind BRUTON having his civil rights violated.

91. The above-described well-settled customs and policies demonstrate a deliberate indifference on the part of HOMESTEAD, as the policymaker of HPD, to the constitutional rights of persons with the City of Homestead, and were a moving force or proximate cause of violations of BRUTON's rights alleged herein. Despite knowing of the unconstitutional behavior and the need to take corrective action, HOMESTEAD has declined to do so.

92. As a direct and proximate result of HOMESTEAD's actions and inactions, under color of state law, and in violation of 42 U.S.C. § 1983, BRUTON was deprived of his constitutional rights to be secure in his person, free from unreasonable seizure and from the use of excessive force.

93. As a direct and proximate result of HOMESTEAD's actions and inactions, BRUTON has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarrassment, loss of capacity of the enjoyment of life, and expense of hospitalization, medical and nursing care and treatment.

94. The injuries and damages are permanent in nature, and the BRUTON will suffer the losses and impairments in the future.

---

[3] Julia Jacobo, Miami-area police officer who pushed inmate head-first into concrete wall charged with battery, https://abcnews.go.com/US/miami-area-police-officer-pushed-inmate-head-concrete/story?id=64827715 (last visited September 24, 2019).

WHEREFORE, Plaintiff demands judgment against the HOMESTEAD for compensatory damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief has the Court deems appropriate and demands trial by jury.

### COUNT IV– BATTERY AS TO DEFENDANTS CALVO, CARVAJAL, DEJOHN, GUZMAN, LAGO, AND SIMMONS

95.     Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty-three (33) as though alleged originally herein.

96.     On or about July 6, 2018, the Individual Defendants intentionally and recklessly did acts which resulted in offensive contact with BRUTON's person, including but not limited to: striking BRUTON in the face and various parts of body; slamming into ground; and forcefully and excessively attempting to restrain his body.

97.     The Individual Defendants did such acts with the intent to cause harmful and offensive contact with the body of BRUTON.

98.     As a direct, legal and proximate result of such acts of the Individual Defendants, BRUTON was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity in the future has been impaired.

99.     The injuries and damages are permanent in nature, and the BRUTON will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment against the Individual Defendants for compensatory and punitive damages, costs, and such other and further relief has the Court deems

appropriate and demands trial by jury.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues triable by jury.

Dated this 27th day of September 2019.

                                            Respectfully submitted,

                                            **FISCHER REDAVID PLLC**
                                            *Trial Counsel for the Plaintiffs*
                                            4601 Sheridan Street, Suite 320
                                            Hollywood, Florida 33021
                                            Phone:  (954) 860-8434
                                            Fax:     (954) 860-8584
                                            Service@FRTrialLawyers.com (eservice)

BY: s/*Elroy M. John, Jr., Esq.*
       ELROY M. JOHN, JR., ESQ.
       Florida Bar No.: 1002480
       JOHN P. FISCHER, ESQ.
       Florida Bar No. 99751